Roman Catholic Diocese of Albany v Vullo (2022 NY Slip Op 03550)





Roman Catholic Diocese of Albany v Vullo


2022 NY Slip Op 03550


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

529350B
[*1]Roman Catholic Diocese of Albany et al., Appellants,
v
Maria T. Vullo, as Acting Superintendent of Department of Financial Services, et al., Respondents, et al., Defendants. (And Another Related Action.)

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Colangelo, Ceresia and Fisher, JJ.

Tobin and Dempf, LLP, Albany (Victoria Dorfman of Jones Day, Washington, DC, of counsel), for appellants.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.
Edward T. Mechmann, New York City, for New York State Catholic Conference, amicus curiae.
New York Civil Liberties Union, New York City (Gabriella Larios of counsel), for New York Civil Liberties Union and another, amici curiae.



Egan Jr., J.P.
Appeal (upon remand from the Supreme Court of the United States) from an order of the Supreme Court (McNally Jr., J.), entered January 10, 2019 in Albany County, which, among other things, granted a motion by defendants Superintendent of Financial Services and Department of Financial Services for summary judgment dismissing the complaints against them.
The present matter is before us on remand from the Supreme Court of the United States for further consideration in light of its decision in Fulton v Philadelphia (593 US ___, 141 S Ct 1868 [2021]). The underlying facts are set out in our original decision (185 AD3d 11 [2020], appeal dismissed and lv denied 36 NY3d 927 [2020], vacated and remanded sub nom. Roman Catholic Diocese of Albany v Emami, ___ US ___, 142 S Ct 421 [2021]). Briefly, plaintiffs challenge a regulatory scheme that, as amended, requires that health insurance policies in New York cover "medically necessary abortions" but exempts those policies provided by entities falling within the regulatory definition of "religious employers" (11 NYCRR 52.1 [p]; see 11 NYCRR 52.2 [y]). Plaintiffs argue, in relevant part, that the regulatory provisions impair their right to the free exercise of religion guaranteed by the US Constitution (see US Const 1st, 14th Amends; Cantwell v Connecticut, 310 US 296, 303 [1940]). We determined that the Court of Appeals had considered and rejected an indistinguishable challenge in Catholic Charities of Diocese of Albany v Serio (7 NY3d 510 [2006], cert denied 552 US 816 [2007]) and that plaintiffs' contention failed "by operation of the doctrine of stare decisis" (185 AD3d at 16). Our task upon remand is therefore the limited one of assessing whether Catholic Charities remains valid and controlling precedent in the wake of Fulton.
In that regard, Fulton did not explicitly overrule Catholic Charities. Fulton also did not revisit or overturn the existing rule "that laws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable" (Fulton v Philadelphia, 141 S Ct at 1876; see Employment Div., Dept. of Human Resources of Ore. v Smith, 494 US 872, 878-879 [1990]). It was that standard that formed the basis for the Court of Appeals' decision in Catholic Charities (see 7 NY3d at 521-523), and that standard remains good law.
As for whether anything in Fulton clearly conflicts with the holding of Catholic Charities, plaintiffs note that Fulton emphasizes aspects of prior rulings of the Supreme Court of the United States that Catholic Charities did not, such as that "[a] law is not generally applicable if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions" or "if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way" (Fulton v Philadelphia, 141 [*2]S Ct at 1877 [internal quotation marks, brackets and citations omitted]; see Church of Lukumi Bablu Aye, Inc. v Hialeah, 508 US 520, 533 [1993]; Employment Div., Dept. of Human Resources of Ore. v Smith, 494 US at 884). Those qualifications predated the decision in Catholic Charities, however, and the cases establishing them were cited in it (see Catholic Charities of Diocese of Albany v Serio, 7 NY3d at 521-523). Plaintiffs' further belief that Fulton held that a regulatory scheme cannot be generally applicable due to the presence of any exemptions — as opposed to "a formal system of entirely discretionary exceptions" that invited the government to decide what motives for not complying with the regulatory requirement were worthy — is not compelled by the language of Fulton and is not shared by subsequent cases interpreting it (Fulton v Philadelphia, 141 S Ct at 1878; see Kane v De Blasio, 19 F4th 152, 165-166 [2d Cir 2021]; We The Patriots USA, Inc. v Hochul, 17 F4th 266, 288-289 [2d Cir 2021]; Does 1-6 v Mills, 16 F4th 20, 29-30 [1st Cir 2021], cert denied ___ US ___, 142 S Ct 1112 [2022]; 303 Creative LLC v Elenis, 6 F4th 1160, 1187 [10th Cir 2021], cert granted ___ US ___, 142 S Ct 1106 [2022]). Accordingly, Fulton does not bar the holding of Catholic Charities that a regulation, like the one at issue here, was neutral and generally applicable despite the presence of exemptions based upon specified criteria (see Catholic Charities of Diocese of Albany v Serio, 7 NY3d at 519-520, 522-523).
In sum, even assuming that Fulton renders it "debatable" whether the Court of Appeals would reach the same result in Catholic Charities today or suggests that the Supreme Court of the United States might not approve of that result, Catholic Charities "is not directly inconsistent with the rationale employed by the United States Supreme Court in any subsequent case, and is thus binding on us as an intermediate appellate court" (Torres v City of New York, 177 AD2d 97, 105 [1992], lv denied 80 NY2d 759 [1992], cert denied 507 US 986 [1993]; see People v Costello, 101 AD2d 244, 247 [1984]). It follows that, upon our consideration of Fulton, Catholic Charities remains controlling and entitled to stare decisis effect. Plaintiffs' remaining arguments, to the extent that they fall within the limited scope of the remand and are properly preserved for our review, are unavailing. Thus, we affirm for the reasons stated in our original opinion and order.
Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.